# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ARAMIS SAUERS,**

      **Plaintiff,**

**v.**                                         **Case No:   6:17-cv-944-Orl-41KRS**

**UNITED WATER RESTORATION GROUP, INC.,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **THIRD AMENDED JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 14)**
>
> **FILED:**     **July 19, 2017**

## I. BACKGROUND.

On May 24, 2017, Plaintiff, Aramis Sauers, filed a complaint against Defendant, United Water Restoration Group, Inc. Doc. No. 1. In the complaint, Plaintiff asserted that Defendant violated the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. *Id*. Plaintiff contended that he was entitled to unpaid overtime compensation and liquidated damages. *Id*. at 4-5.[1]

---

[1] The suit was originally filed as a putative collective action; however, as of the writing of this Report and Recommendation, no other plaintiffs have filed opt-in notices.

On July 5, 2017, the parties filed a motion informing the Court that they had settled the claims asserted in this case and requesting that the Court approve their settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).  Doc. No. 9.  I denied that motion without prejudice for four reasons.  First, Defendant's attorney, who signed the motion, was not a member in good standing of the Bar of this Court and could not submit documents on behalf of Defendant.  Second, the parties' proposed settlement agreement contemplated that it could be modified in writing by the parties.  Third, it was unclear whether Plaintiff was compromising his FLSA claims and, if so, to what extent—thereby making it impossible for the Court to evaluate the fairness of any compromise.  Finally, ambiguous language in the parties' proposed settlement agreement made it unclear whether Plaintiff was releasing only wage claims or whether he was signing a general release of claims.  Doc. No. 11.

On July 11, 2017, Plaintiff filed a renewed motion for settlement approval.  Doc. No. 12.  The motion was signed only by Plaintiff's counsel.  Because Defendant's counsel did not sign the motion and the parties' proposed settlement agreement did not include Defendant's stipulation to a dismissal with prejudice, I concluded that *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013), prevented the Court from entering a stipulated judgment and, thus, approving the parties' proposed settlement.  Thus, I ordered the parties to file a supplement to the motion for settlement approval.  I required that the supplement be signed by an authorized representative of Defendant and represent that Defendant stipulated to the settlement and dismissal of the case with prejudice.  Doc. No. 13.

Rather than file the supplement, the parties filed a third motion for settlement approval on July 19, 2017.  Doc. No. 14.  Thus, I denied the renewed motion for settlement approval (Doc. No. 12) as moot.  Doc. No. 15.  The third motion for settlement approval is signed by Plaintiff's

counsel and by Timothy Hartley, Esq., on behalf of Defendant. Doc. No. 14. Attorney Hartley is admitted to practice before this Court. In the motion, the parties stipulate to an order approving their settlement and dismissing this case with prejudice. *Id.* at 1. Thus, they have addressed my previous concern about *Nall* preventing approval of the parties' settlement. In addition, in the motion, the parties also clarified whether Plaintiff was compromising his claims and the extent of that compromise. *Id.* at 3-4. They also submitted an amended settlement agreement, which removed the provision permitting modification of the agreement and clarified that Plaintiff was releasing only wage claims. Doc. No. 14-1. The matter is now ripe for review.

## II.     APPLICABLE LAW.

In *Lynn's Food*, the U.S. Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d at 1353. Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall*, 723 F.3d at 1308.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[2] If the Court finds that the payment to the attorney is not reasonable, it must consider whether a plaintiff's recovery might have been greater if the parties had reduced the

---

[2] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

attorney's fees to a reasonable amount. *See id.* at 351-52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

## III.   ANALYSIS.

### A.   *Whether Plaintiff Has Compromised His Claims.*

Under the amended settlement agreement, Defendant will pay Plaintiff a total of $4,000.00—$750.00 to Plaintiff for alleged unpaid wages, $750.00 to Plaintiff for alleged liquidated damages, and $2,500.00 to Plaintiff's attorneys. Doc. No. 14-1, at 4. In their current motion for settlement approval, the parties represent that Plaintiff calculated that he was entitled to a maximum of $882.00 in unpaid overtime, plus an equal amount in liquidated damages, for a total of $1,764.00. Doc. No. 14, at 3-4. Because Plaintiff will receive less than the amount to which he claimed he was entitled under the FLSA, he has compromised his claim within the meaning of *Lynn's Food*.

### B.   *Whether the Amount Is Fair And Reasonable.*

Because Plaintiff has compromised his claim, the Court must, under *Lynn's Food*, evaluate whether the settlement agreement is fair and reasonable. The parties agree that this action involves disputed issues, including (1) whether Plaintiff was subject to the FLSA; (2) whether an FLSA exemption applied to Plaintiff; (3) the number of overtime hours Plaintiff worked without proper pay, if any; and (4) whether liquidated damages were warranted in this case. *Id.* at 3. These disputes explain the parties' compromise, and I recommend that the Court find that the amount of the compromise is reasonable. *Cf. Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented

by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

### C. Whether the Attorneys' Fees and Costs Undermine the Fairness of the Settlement Agreement.

Because Plaintiff has compromised his FLSA claim, the Court must consider whether the payment to his attorneys is reasonable, to ensure that the fees and costs to be paid to his attorneys did not improperly influence the amount Plaintiff agreed to accept. *See Silva*, 307 F. App'x at 351. In this case, Plaintiff's counsel will receive $2,500.00. Doc. No. 32-1, at 1. Counsel represent that this amount was negotiated separately from Plaintiff's recovery and without regard to the amount paid to Plaintiff. Doc. No. 14, at 4. In the absence of objection, I recommend that the Court find that the amount of attorneys' fees Plaintiff's counsel will receive is reasonable and does not taint the amount Plaintiff agreed to accept for resolution of his FLSA claims. *See Bonetti*, 715 F. Supp. 2d at 1228 ("[T]he best way to insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.").

### D. Whether the Scope of the Release Undermines the Fairness or Reasonableness of the Settlement Agreement.

The Court next must consider whether Plaintiff's release of claims in the settlement agreement renders the agreement unreasonable. *See generally Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012 U.S. Dist. LEXIS 33929, at *17 (M.D. Fla. Mar. 14, 2012) ("Pervasive, overly broad releases have no place in settlements of most FLSA claims."). The release in the parties' amended settlement agreement is narrowly tailored to release only wage claims. Doc. No. 14-1, at 3, 8. It does, however, go beyond the FLSA claims that were pleaded in this lawsuit, releasing "any and all claims of any nature whatsoever Plaintiff has arising out of or

related to the payment of wages during his employment with Defendant, known or unknown, including, but not limited to, any claims Plaintiff may have under the [FLSA], the Florida minimum wage statute, and any and all other applicable state, federal, county, or local ordinances, statutes or regulations, including claims for attorneys' fees which relate to the payment of wages." *Id.* at 3. Some judges in this district have concluded that, when a plaintiff pleads only FLSA claims in his complaint, a release that goes beyond those claims prevents the Court from approving a settlement under *Lynn's Food*. *See, e.g.*, *Colon v. Garda CL Se., Inc.*, No. 6:14-cv-1777-Orl-37KRS, 2015 U.S. Dist. LEXIS 94775, at *3 n.1 (M.D. Fla. July 21, 2015) (finding that, when the plaintiff only raised a claim for unpaid overtime under the FLSA, the release of wage claims under the FMWA and Florida Constitution made the release "per se unreasonable under *Lynn's Food* because it confer[red] an undeserved benefit upon Defendant without furthering the resolution of any *bona fide* FLSA dispute"). The presiding district judge in this case, however, has previously concluded that a release that covers all wage claims can survive scrutiny under *Lynn's Food*, even if the plaintiff has pleaded only FLSA claims in his complaint. *See, e.g.*, *Grissam v. Ranraj Singh Dhanju I, Inc.*, No. 16-cv-1368-Orl-41KRS, Doc. 19 (M.D. Fla. Dec. 13, 2016) (approving release that included non-FLSA wage claims even though the plaintiff asserted only FLSA claims in complaint). If the Court concludes, as it did in *Grissam*, that the release is permissible in scope, then I recommend that the Court find that the settlement is a fair resolution of Plaintiff's claims. If, however, the Court concludes that the release is impermissible in scope, I recommend that the Court deny the motion.

## IV.   RECOMMENDATIONS.

In light of the foregoing, I respectfully **RECOMMEND** that, if the Court finds that the scope of the release does not undermine the fairness of the settlement, it do the following:

1. **GRANT** the Third Amended Joint Motion for Approval of Settlement (Doc. No. 14);

2. **FIND** that the parties' amended settlement agreement (Doc. No. 14-1) is a fair and reasonable resolution of a *bona fide* dispute under the FLSA;

3. **PROHIBIT** counsel from withholding any portion of the $1,500.00 payable to Plaintiff pursuant to a contingent fee agreement or otherwise;

4. **DISMISS** the case with prejudice; and

5. **DIRECT** the Clerk of Court to close the file.

Alternatively, if the Court concludes that the scope of the release undermines the fairness of the settlement, I **RECOMMEND** that the Court **DENY** the motion.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on July 20, 2017.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy